## TOA KIGYO CORP. ET AL. v. UNITED STATES

**No. 5002.**—Invoices dated Tokyo, Japan, June 10, 1937, etc.
Entered at New York July 9, 1937, Albany, N. Y., June 6, 1937,. Bridgeport, Conn., July 6, 1937, etc.
Entry Nos. 80471, A–70483, 802, etc.

(Decided September 17, 1940)

*Jerome G. Clifford* (*John F. Kavanagh* and *George W. Israel* of counsel) for the plaintiffs.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the defendant.

BROWN, Judge: This case involves the correct dutiable value for customs purposes of tuna fish imported from Japan from March 1937 to the end of 1938. The entries were made c. i. f. American port at the price actually paid for the merchandise bought, however, usually through an exclusive agent.

The evidence shows that this kind of tuna fish is not sold in Japan for home consumption, therefore the dispute relates entirely as to what is the proper export value.

Under the old cases, in our opinion, the prices paid on sales through exclusive agents at which the goods were entered would have constituted dutiable value here, but under recent decisions of the Court of Customs and Patent Appeals we are constrained now not to base the value we here find on them although it is, generally speaking, the custom in the trade.

The Government has proved other sales by importers who bought direct from Japan without an intervening agent, and as we understand the present view of the Court of Appeals which practically makes every sale through an exclusive agent a restricted market and, therefore, no evidence of market value, we must take the sales to importers who bought direct. However, as the evidence concerning the sales to importers direct on invoice prices of which the appraised values are based shows unmistakably that discounts not invoiced usually amounting to at least 3 per cent were also obtained, we find that the dutiable export value here consists of the appraised unit values, less 3 per centum, less ½ per centum as swell allowance, less nondutiable charges as found by the appraiser. Judgment will be rendered accordingly.